1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES T. DAVIS,

11            Plaintiff,                    No. CIV S-05-1628 FCD PAN P

12        vs.

13   JEANNE WOODFORD, CDCR
     Director, et al.,

14

15            Defendants.              _____ORDER_____

16   _____/

17            Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42

18   U.S.C. § 1983.  On June 2, 2006, plaintiff filed an ex parte motion to refer his complaint to a

19   three-judge panel.  This matter was referred to a United States Magistrate Judge pursuant to 28

20   U.S.C. § 636(b)(1)(B) and Local General Order No. 262.[1]  Accordingly, plaintiff's request will

21   be denied.

22            By order filed April 19, 2006, plaintiff's complaint was dismissed with leave to

23   file an amended complaint.  Plaintiff has now filed an amended complaint.

24   _____

25       [1]  28 U.S.C. § 636(b)(1)(B) states, in relevant part, "a judge may also designate a
     magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of
     the court proposed findings of fact and recommendations for the disposition, by a judge of the
26   court . . . of prisoner petitions challenging conditions of confinement."

1    The court is required to screen complaints brought by prisoners seeking relief

2   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

3   § 1915A(a).  In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court

4   of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with

5   redundancy, and largely irrelevant.  It consists largely of immaterial background information."

6   The court observed the Federal Rules require that a complaint consist of "simple, concise, and

7   direct" averments.  Id.  As a model of concise pleading, the court quoted the standard form

8   negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

9        1.  Allegation of jurisdiction.

10       2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston
         Massachusetts, defendant negligently drove a motor vehicle against
11       plaintiff, who was then crossing said highway.

12       3.  As a result plaintiff was thrown down and had his leg broken, and was
         otherwise injured, was prevented from transacting his business, suffered
13       great pain of body and mind, and incurred expenses for medical attention
         and hospitalization in the sum of one thousand dollars.

14       Wherefore plaintiff demands judgment against defendant in the sum of one
15       thousand dollars.

16   Id.

17       Plaintiff's complaint is 34 pages in length and names 42 defendants.  The

18   complaint suffers from many of the same problems as the pleading dismissed in McHenry: there

19   is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted

20   against which defendants."  Id. at 1176.  As in McHenry, "[p]rolix, confusing complaints such as

21   the ones plaintiff filed in this case impose unfair burdens on litigants and judges."  Id. at 1179.

22       Plaintiff will be given one further opportunity to file an amended complaint,

23   limited to fifteen pages.  Plaintiff may use the court's form for filing a civil rights action, which

24   will be provided again.  Plaintiff should refer to this order and the Federal Rules of Civil

25   Procedure for guidance in drafting a further amended document or completing the court's form

26   complaint.

1     If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

2 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

3 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

4 must allege in specific terms how each named defendant is involved.  The Civil Rights Act under

5 which this action was filed provides as follows:

6         Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the
7        deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
8        law, suit in equity, or other proper proceeding for redress.

9 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14 omits to perform an act which he is legally required to do that causes the deprivation of which

15 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16     Moreover, supervisory personnel are generally not liable under § 1983 for the

17 actions of their employees under a theory of respondeat superior and, therefore, when a named

18 defendant holds a supervisorial position, the causal link between him and the claimed

19 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

21 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

22 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

23 Cir. 1982).  Plaintiff must eliminate from his second amended complaint all persons whom he

24 has named as defendants based solely on the theory of respondeat superior.  Plaintiff should only

25 name as defendants those persons directly involved in his actual claim.

26 /////

3

1    Furthermore, the Supreme Court has held that judges acting within the course and

2    scope of their judicial duties are absolutely immune from liability for damages under § 1983.

3    Pierson v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in

4    the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting

5    Bradley v. Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part

6    test of Stump v. Sparkman determines its scope:

7    > The relevant cases demonstrates that the factors determining
     > whether an act by a judge is a 'judicial' one relate to the nature of
8    > the act itself, i.e., whether it is a function normally performed by a
     > judge and to the expectation of the parties, i.e., whether they dealt
9    > with the judge in his judicial capacity.

10   Id. at 361.  Plaintiff should eliminate from his second amended complaint all judges whom he

11   has named as defendants unless the judge acted in the clear absence of all jurisdiction.

12       Prosecutors are also absolutely immune from civil suits for damages under § 1983

13   which challenge activities related to the initiation and presentation of criminal prosecutions.

14   Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are

15   immunized requires a functional analysis.  The classification of the challenged acts, not the

16   motivation underlying them, determines whether absolute immunity applies.  Ashelman v. Pope,

17   793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than

18   administrative or investigative functions, are absolutely immune.  Thus, even charges of

19   malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment

20   of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v.

21   Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).  Plaintiff should eliminate from his second

22   complaint any prosecutors or District Attorneys whom he has named as defendants based on any

23   activities relating to the initiation and presentation of any criminal prosecutions.

24       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25   order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

26   an amended complaint be complete in itself without reference to any prior pleading.  This is

4

1   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

2   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

3   original pleading no longer serves any function in the case.  Therefore, in a second amended

4   complaint, as in an original complaint, each claim and the involvement of each defendant must

5   be sufficiently alleged.

6          Finally, the court finds that plaintiff is engaging in excessive motions practice in

7   this case.  Plaintiff's filings are taking up too much of the court's scarce time and limited

8   resources.  The court is unable to address, in an orderly fashion, the motions he has previously

9   submitted before he files more.  Plaintiff is cautioned that a litigant proceeding in forma pauperis

10  may suffer restricted access to the court where it is determined that he has filed excessive

11  motions in a pending action.  DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also

12  Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989).

13         Accordingly, IT IS HEREBY ORDERED:

14         1.  Plaintiff's June 2, 2006 ex parte motion is denied;

15         2.  Plaintiff's May 3, 2006 amended complaint is dismissed, and the Clerk of the

16  Court is directed to send plaintiff another copy of the court's form complaint for filing of civil

17  rights actions under 42 U.S.C. § 1983;

18         3.  Plaintiff is granted thirty days from the date of service of this order to file a

19  second amended complaint that is **limited to fifteen pages**, that complies with the requirements

20  of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice, and the

21  guidelines set forth in this order; the second amended complaint must bear the docket number

22  assigned to this case and must be labeled "Second Amended Complaint;" and,

23  /////

24  /////

25  /////

26  /////

1          4.  Plaintiff must file an original and two copies of the second amended complaint

2    as the court previously has directed.  Failure to file a second amended complaint in accordance

3    with this order will result in a recommendation that this action be dismissed.

4    DATED: July 27, 2006.

5

6    _____

7    UNITED STATES MAGISTRATE JUDGE

8    17/001

9    davi1628.14amd.new

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26