IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,                       No. CIV S-05-1628 FCD EFB P

        vs.

JEANNE WOODFORD, et al.,

        Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a prisoner without counsel prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). On July 28, 2006, the court dismissed plaintiff's second-amended complaint with leave to amend. In that order, the court informed plaintiff he must eliminate from his pleading all defendants sued based upon their positions as supervisors or who were acting in their judicial or prosecutorial capacity.

        The court has reviewed plaintiff's August 14, 2006, amended complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief against defendants Judge Stephen Bradbury, Judge Arthur Scotland, Justice Ronald George, Bill Lockyer, Robert Burns, Matthew Cate, the County of Lassen, N. Grannis, Jeanne Woodford, Edward Alameida, D. L. Runnels, Armstrong, Brewer, Lewis, Peddicard, Dharlinque, Nuchlous, Brewer, Chapman, Laguna, Beckman, Owens Rholfing, Dharlinque, Runnels, Thorton, Sandi

1  Grout, H. Wagner, Felker, the Commission on Judicial Performance, Judge Stephen Bradbury,
2  Justice Ronald George, Arthur Scotland, Matthew Cate, Bill Lockyer, Robert Burns or the
3  County of Lassen.
4      To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant
5  deprived plaintiff of a right secured to him by the Constitution or laws of the United States while
6  acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).
7      The Commission on Judicial Performance is not a person for purposes of section 1983.
8  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).
9      Plaintiff alleges defendants Judge Stephen Bradbury, Judge Arthur Scotland and Justice
10 Ronald George violated his rights by their rulings in actions pending before them.  These
11 defendants are immune from prosecution. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).
12     Plaintiff alleges defendants Bill Lockyer, Robert Burns and Matthew Cate mishandled
13 criminal investigations.  These defendants are immune from prosecution.  *See Imbler v.*
14 *Pactman*, 424 U.S. 409 (1976).
15     Plaintiff's claims against N. Grannis, Jeanne Woodford, Edward Alameida and D. L.
16 Runnels are based on their activities as supervisors.  Claims against these defendants should be
17 dismissed.  *See  Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)  (en banc);
18 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), *Hansen v. Black*, 885 F.2d 642, 646 (9th
19 Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).
20     Plaintiff alleges no constitutional violation on the part of Armstrong, Brewer, Lewis,
21 Peddicard, Dharlinque, Nuchlous, Brewer, Chapman, Laguna, Beckman or Owens.
22     Plaintiff makes a vague allegation against the County of Lassen. To state a claim that a
23 local government is subject to liability for constitutional torts committed by its officials, a
24 plaintiff must allege an individual with final policy making authority acted pursuant to an official
25 policy or custom or failed to act based on a policy of inaction amounting to the knowing
26 disregard of plaintiff's rights and that plaintiff was harmed thereby.  *Monell v. N.Y. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 690-91 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiff's vague allegation is insufficient.

For these reasons, I hereby recommend this action be dismissed with respect to defendants Judge Stephen Bradbury, Judge Arthur Scotland, Justice Ronald George, Bill Lockyer, Robert Burns, Matthew Cate, the County of Lassen, N. Grannis, Jeanne Woodford, Edward Alameida, D. L. Runnels, Armstrong, Brewer, Lewis, Peddicard, Dharlinque, Nuchlous, Brewer, Chapman, Laguna, Beckman and Owens for plaintiff's failure to state a claim. *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these findings and recommendations are submitted to the United States District Judge assigned to this case. Within 20 days after being served with these findings and recommendations, plaintiff may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

So ordered.

Dated: September 5, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\ davi1628.f&r dsms am comp