IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

    Plaintiff,                       No. CIV S-05-1628 FCD EFB P

    vs.

JEANNE WOODFORD, et al.,

    Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983.  In the August 14, 2006, amended complaint, he alleges that: (1) defendant Mcquire refused to take plaintiff to a medical appointment in violation of the Eighth Amendment; (2) defendant Briddle changed a disciplinary charge of refusal to obey an order to assault in retaliation for plaintiff's filing grievances; (3) defendant Dr. Dickerson refused to permit plaintiff to use a wrist brace, thereby enabling guards to place handcuffs on plaintiff's injured left wrist in a manner that caused pain; (4) defendants Officers Hibbitte and Barron confiscated plaintiff's medical aids based on an medical report they knew to be fraudulent; (5) defendant Mcquire repeatedly interfered with plaintiff's medical care by completing paperwork stating plaintiff refused medical care when plaintiff in fact did not; (6) Dr. Roche misrepresented the connection between Hepatitis C and fatigue, resulting in plaintiff's placement in a work program beyond his

1

1 capabilities; (7) for three years, Dr. James treated plaintiff with Tylenol for gout; and (8) Dr.
2 Mangis interfered with plaintiff's medical treatment by falsely noting in plaintiff's medical
3 records that plaintiff did not have hemorrhoids.  On September 6, 2006, the court gave plaintiff
4 30 days to submit papers, including sufficient copies of the second amended complaint, to effect
5 service of process on defendants.  On October 12, 2006, plaintiff filed a motion for a temporary
6 restraining order and a preliminary injunction.  In it, he asserts that the law librarian refused to
7 provide plaintiff with copies of the notice of appeal and request for permission to appeal filed in
8 this case on November 15, 2006.[1]  He also asserts that the law librarian refused to provide him
9 with copies of the complaint for service of process.  In particular, he asserts that the law librarian
10 would not give plaintiff priority access to the law library unless he gave her the papers he
11 intended to file so that she could verify he had a filing date.  He also asserts that the law librarian
12 requested that the law librarian refused to make sufficient copies of his second amended
13 complaint for service of process unless he gave her the document so that she could send a copy
14 to her supervisor.  Plaintiff, however, refused on the ground that his second-amended complaint
15 was a "confidential legal filing."  Mot. for TRO, filed October 12, 2006, at 16.

16      A temporary restraining order ("TRO") is an extraordinary and drastic remedy to be
17 granted as an exception rather than as the rule.  *Sid Berk, Inc. v. Uniroyal, Inc.,* 425 F.Supp. 22,
18 28  (C.D. Cal. 1977).  The issuance of a TRO is the exercise of a very far reaching power which
19 should never be indulged except where clearly warranted.  *Tymo Industries, Inc. v. Tapeprinter*
20 *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), cited in *Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir.
21 1970).  Apart from showing the necessity for immediate relief, applicants for a TRO must meet
22 the same standards as for a preliminary injunction.  *See, e.g., Hunt v. National Broadcasting Co.,*
23 *Inc.*, 872 F.2d 289, 292 (9th Cir. 1989); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).

24

---

25     [1] Plaintiff alleges he was denied adequate access to the law library on other occasions
related to other cases.  The court does not consider those allegations because the court cannot
26 make any orders with respect to them.

1       The preliminary injunction standard is well established in this circuit.  To prevail upon an
2 application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable
3 success on the merits and the possibility of irreparable injury, or serious questions regarding the
4 merits of his claims and a balance of hardships tipping sharply in his favor.  *Miss Universe, Inc.*
5 *v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979).  If the balance of harm tips decidedly toward the
6 plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when
7 the balance tips less decidedly.  *Benda v. Grand Lodge of the International Association of*
8 *Machinists*, 584 F.2d 308, 315 (9th Cir. 1978).  The threatened injury must be immediate.  *Los*
9 *Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th
10 Cir. 1980).  And since the remedy is equitable in nature, there must be no adequate remedy at
11 law.  *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  If the relief sought is
12 mandatory rather than prohibitory, the balance must more clearly favor the applicant.  *Dahl v.*
13 *HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

14       As stated above, the court directed plaintiff to submit sufficient copies of his second
15 amended complaint in order to effect service of process on defendants.  Under the California
16 Department of Corrections and Rehabilitations (CDCR) guidelines, prison staff must provide the
17 number of copies for filing as established by court rule and to be served on all parties and others
18 involved in the ligation  *See* Departmental Operations Manual §§ 14010.21, 14010.21.4  Plaintiff
19 asserts that the law librarian refused to make sufficient copies of the second amended complaint,
20 a notice of appeal, and a request to appeal.  Plaintiff does not allege that he showed the law
21 librarian this court's order directing plaintiff to file 11 copies of the amended complaint.
22 Plaintiff refused to relinquish his documents on the ground that they were confidential, but the
23 second amended complaint is a public record on file with this court.  On November 15, 2006,
24 plaintiff filed a notice of interlocutory appeal, which this court processed on November 17, 2006.
25 Plaintiff has not demonstrated that his ability to pursue this action has been hindered in the least
26 because of prison policy or by actions of the law librarian.  *See Lewis v. Casey*, 518 U.S. 343,

1  351, 354, 356 (1996).  Furthermore, plaintiff has not shown a probability of success on the
2  merits of his claims.
3      The court finds that plaintiff has not demonstrated that the balance of hardships tips in his
4  favor in the slightest or that there is any likelihood of success on the merits of his claims.
5      Accordingly, it is hereby recommended that plaintiff's October 12, 2006, motion for a
6  temporary restraining order and a preliminary injunction be denied and that plaintiff be given 30
7  days to comply with the September 6, 2006, order directing him to submit papers necessary to
8  effect service of process.
9      These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after
11 being served with these findings and recommendations, any party may file written objections
12 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
13 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
14 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
15 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
16 Dated: July 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE